## No. 9536.

### J. C. DENIS, PRESIDENT NEW ORLEANS COTTON PRESS ASSOCIATION, VS. JAMES D. HOUSTON, STATE TAX COLLECTOR.

A suit enjoining the collection of taxes in amount less than two thousand dollars on the ground that the property has been sold at a probate sale and the inscription of the taxes has been erased and the lien and privilege for them has been transferred to the proceeds of sale, is not within the jurisdiction of the Supreme Court, and cannot be put within its jurisdiction by a letter from the appellee's attorney to the appellant's attorney, written after the appeal has been taken and perfected, informing him that the taxes due are really more than were injoined and that they exceed two thousand dollars.

If more taxes were due than were injoined there was no hindrance to the collection of the excess over those injoined.

APPEAL from the Civil District Court for the Parish of Orleans. Lazarus, J.

*E. W. Huntington, Joseph P. Hornor* and *F. W. Baker* for Plaintiff and Appellant:

1. Municipal taxes not recorded, do not affect real estate in the hands of a third person. 26 Ann. 592; 30 Ann. 296; 28 Ann. 496; 25 Ann. 334; 30 Ann. 1365; 36 Ann. 765; Constitution, Art. 176.
2. Even if properly recorded the privilege against real estate is prescribed in three years. Constitution, Art. 176.
3. Municipal taxes are prescribed in ten years. 30 Ann. 1260.
4. Taxes not assessed or recorded in the name of the true owner, do not affect real estate in the hands of third persons. 15 Ann. 15; 28 Ann, 537; 29 Ann. 509; 30 Ann. 176.
5. Where property is sold under order of court in a succession to pay debts and all claims for taxes are by order of court transferred to the proceeds of sale, the property passes to the purchaser free from such taxes. 30 Ann. 1261; 33 Ann. 258; 23 Ann. 298.

*Blanc & Butler* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. This is an injunction restraining the defendant from selling a square of ground in New Orleans for taxes.

The petition alleges ownership and that the collector has advertised the property for sale to enforce payment of taxes due. the State for 1876 amounting to $290, and City taxes for 1870 and 1877 amounting

to $1,000. The ground of injunction is that the property was sold in 1878 at the succession-sale of Henry Fassman, its then owner, and all liens and privileges were shortly thereafter cancelled on the mortgage books and among them these tax inscriptions, and that the defendant must look to the proceeds of that sale for payment.

The answer is a general denial with an averment that the taxes set out in the plaintiff's petition are legal, due and exigible, and concludes with a prayer for the dissolution of the injunction.

Obviously the sum involved is below our jurisdiction, and there is not such question of the legality or constitutionality of the tax as would attract our jurisdiction independent of the amount in controversy. Adler v. Bd. Assessors, 37 Ann. 507.

There was judgment for dissolution on May 14, 1885, and an appeal was taken which was perfected by a bond executed and filed June 10.

Two days after, a letter was written by the defendant's attorneys to those of the plaintiff which has found its way into the transcript and appears at the close of it. It is as follows:

NEW ORLEANS, June 12, 1885.

*Frank W. Baker, Esq.*:

DEAR SIR—Mr. Houston has just sent us a statement of amount due for State and City taxes on property described in petition filed in suit J. C. Denis, President New Orleans Cotton Press Association vs. J. D. Houston, tax collector, as follows:

| | |
|---|---|
| State tax 1876 interest and costs to date | $ 537 58 |
| City tax 1870 " " " | 2,676 85 |
| | $3,214 43 |

We therefore admit that the amount involved in said suit is upwards of three thousand dollars.

Very truly yours,

BLANC & BUTLER,

Atty. for J. D. Houston, tax col.

It is very clear that only $1,290 of taxes were injoined. If more were due there was no hindrance to the collection of the excess over that sum, and therefore such excess is not in controversy. There was nothing before the lower court altering or increasing the sum set out in the pleadings, and that sum cannot be increased to attract our jurisdiction by a letter written after judgment and appeal correcting an error made by the draftsman of the petition. The case belongs to the Circuit Court.

We must therefore dismiss the appeal and it is accordingly so ordered.